[No. 1206.  Decided July 26, 1894.]

THE UNITED STATES SAVINGS, LOAN AND BUILDING COMPANY, *Appellant*, v. EMMA JONES AND THE FAIRHAVEN LAND COMPANY *et al.*, *Respondents*.

APPEAL — STATEMENT OF FACTS — MECHANICS' LIENS — NOTICE — STATEMENT OF CONTRACT — KNOWLEDGE OF OWNER.

The fact that additional matter has been incorporated in a statement of facts on appeal after its service upon respondent is not ground for striking the statement when a portion of such additional matter consists of the pleadings, journal entries and referee's report, which, by the law in force at the time, the clerk was required

to make a part of the record, and the balance is made up of the evidence in a cause consolidated for trial with the one to which respondent was a party, and has no effect upon, or application to, the rights of the respondent. (HOYT, J., dissents).

A lien notice is invalid on the ground that it contains no sufficient statement of the terms and conditions of the contract or of the material furnished when it states that "the claimant agreed to furnish the lumber material to be used in the construction, erection and completion" of a certain building, while the contract was made after the building had been partly constructed, and was in fact for the lumber to be used in the completion of the building, and not for all the lumber employed in its construction.

A lien notice which claims both for materials furnished and labor performed, but does not segregate the two, nor describe the kind of materials, is defective, as not sufficiently describing the terms and conditions of the contract.

The fact that a contract for materials to be used in the construction of a building has been made with the owner, instead of with a contractor, will not thereby excuse a lien claimant from fully stating the terms and conditions of the contract in the lien notice filed by him, on the ground that the owner has knowledge of the terms.

*Appeal from Superior Court, Whatcom County.*

*T. E. Cade,* and *Bruce, Brown & Cleveland,* for appellant United States Savings, Loan and Building Company.

*Lichtenberg, Shepard & Lyon,* for appellants Underwood & Minturn.

*Kerr & McCord,* for respondent Fairhaven Land Company.

The opinion of the court was delivered by

SCOTT, J.— Separate actions were brought against the property in controversy herein, one being by the United States Savings, Loan and Building Company to foreclose a mortgage thereon, and one each by the Fairhaven Land Company and Underwood & Minturn, to foreclose liens for materials furnished for the construction of a building thereon. The latter also included a claim for labor. The Loan and Building Company appeals from the decree ren-

dered in the consolidated cause, establishing the lien of the Fairhaven Land Company for a part of its claim; and Underwood & Minturn appeal from the decision rendered therein holding their lien claim invalid.

A motion is made by the respondent, the Fairhaven Land Company, to strike the statement of facts on the ground that the statement served upon them did not contain much of the matter included therein as returned to this court; the contention being that it only embraced so much of the record as is contained between pages 93 and 145 of the record, and that all of the remaining portions included between pages 1 to 93 and 145 to 210 were added thereafter, more than sixty days after the entry of the decree and more than thirty days subsequent to the service upon respondent of the notice of filing the proposed statement of facts.    It appears, however, that the first 93 pages of the record consist of the pleadings, journal entries and part of the report of the referee, and the remaining part, which was added, contains the evidence embraced in the case made by Underwood & Minturn.    All the evidence relating to the respondent's case is set forth in that part of the statement which was served.    A certificate, regular in form, to the effect that the statement contains all the material facts, is appended to the statement and signed by the judge; and this certificate recites that the respondent was present at the time of the settlement; and were it not for the fact that the parties had stipulated that the parts aforesaid were added to the statement against the objection of the respondent, the respondent would be precluded from raising the question in consequence of the certificate's not showing any objection at the time the statement was settled.    However, we are of the opinion that the motion should be denied, as under the former appeal law, which was in force when these appeals were taken, the clerk was required to send up all of this addi-

tional matter in the transcript.    The case of Underwood
& Minturn was contained in and was a part of the report
of the referee and was on file in the cause, and was prop-
erly sent up for this reason.    Owing to the conclusion to
which we have arrived upon the merits regarding the claim
of Underwood & Minturn, it is unnecessary to determine
whether sending it up in this manner would be sufficient
to bring their cause before the court, and the case other-
wise as affecting the respondent, the Fairhaven Land Com-
pany, was duly settled and certified.

The appeal of the United States Savings, Loan and
Building Company will be first considered.    It is con-
tended that the claim of the Fairhaven Land Company to
a lien was insufficient in that there is no sufficient statement
of the terms and conditions of the contract or of the ma-
terial furnished in the lien notice.    The part of said lien
notice covering this point reads as follows:

"That on or about the 15th day of April, 1891, the
claimant above named, the Fairhaven Land Company,
made and entered into a contract with Mrs. Emma Jones,
through her husband and agent Reginald Jones, he being
the person having charge of the construction, erection and
completion of the said Silver Beach hotel building, by the
terms of which the claimant agreed to furnish the lumber
material to be used in the construction, erection and com-
pletion of said Silver Beach hotel, for the contract and
agreed price of $567.30, and also agreed to furnish the
lumber material to be used in the completion of the wind
mill and water tank above described for the agreed price
of $4.50, and that said Emma Jones, by her husband and
agent, Reginald Jones, promised to pay said amounts when
said material was furnished and on or before July 20, 1891,
to said Fairhaven Land Company."

The respondent contends that this lien notice should be
sustained on the ground that it is a claim for *all* the lum-
ber material "to be used in the erection, construction and
completion of said Silver Beach hotel;" and it might be

that a notice of lien couched in such language might be sustained if it appeared that it covered all the lumber material used in the construction of the building. At the time this lien notice was offered in evidence, however, testimony had been introduced on the part of the lien claimant to show that at the time the contract was entered into for the furnishing of this material, the hotel had in fact been partly constructed; and the contract was, from the standpoint of the claimant, to furnish the lumber material necessary for the completion of the building only. And here an element of uncertainty enters into the matter. Such a description covering all the lumber material used in the construction of the building would be definite and certain possibly, although it did not mention the particular amount used; but when the proof shows that it is intended to cover the lumber material used in the *completion* of a building which had been partly constructed and is in process of construction, it becomes indefinite and uncertain and fails to contain a sufficient statement of the terms and conditions of the contract as disclosed by the evidence. For that reason the objections raised to its admission should have been sustained, and it is unnecessary to consider the further question raised, that the amount of the lien claimed in the notice was largely in excess of the lumber material which was furnished, many other items having been included therein which would not come under that description.

The claim of Underwood & Minturn was disallowed on the ground that the lien notice filed by them was defective. The parts thereof in relation thereto are as follows:

"3. On April 10, 1891, Reginald Jones, as one of the reputed owners and as agent of the other owner of the land, and as the person in charge of the construction of the building, entered into a contract with the lienors 'to furnish such material as should be ordered by said agent and such labor as should be necessary to build into said building

such material as should be required so far as the lienors
should be able to furnish the same.'

"4. Pursuant to the contract the lienors did furnish to
said Jones to be used in the construction of the building
certain materials and labor as one continuous running ac-
count and as ordered by him, which was reasonably worth
$1,789.27, of which only $172.99 has been paid in cash
and $76.64 in goods returned."

No attempt was made in this notice to describe the kind
of material furnished, or to segregate the amount claimed
for the material from the amount claimed for labor.  It is
urged by the appellant that this lien notice was good and
should be sustained on the ground that it was founded
upon a contract entered into between the claimants and
the owner of the property; and the same argument is urged
by the Fairhaven Land Company in support of its lien.
Notices substantially like these have been held invalid by
this court in cases where the lien was founded upon a con-
tract entered into between the claimant and a "contractor"
for the erection of the building.   It is claimed that a more
liberal rule should obtain when the contract is made by the
owner of the premises, as the owner in such cases has
actual knowledge of the claim.   But the statute does not
make the right to a lien rest upon the owner's knowledge
of the contract or of what was done under it.   The lien
notice must be filed within the time specified, containing a
statement of the demand and a statement of the terms and
conditions of the contract.   We have held that a statement
of the demand requires something more than a statement
of the amount claimed.   If the right to a lien could be
maintained because the owner had knowledge of the pur-
chase of the materials in question, and of the furnishing of
the labor, in consequence of having made the contract
therefor, it might as well be sustained where the contract
for the materials is made by a contractor for the erection
of the building, if the owner of the premises had knowl-

edge of the making of the contract, and of its performance, for it is the knowledge of the owner that this contention is based upon rather than the manner of obtaining the knowledge; he might know in regard to the matter fully as well where the contract is made by another party in his presence, or where he was informed of it afterwards, as if he had made it himself.  Furthermore, if the right to a lien is to depend upon the owner's knowledge, there would be no reason, it would seem, for requiring a lien notice to be filed at all as against him where he is informed as to the matters upon which the right to a lien is based, for the law does not require a mere idle thing to be done, and if the only object of the notice is to inform the owner of the premises of the nature of the claim, it would be unnecessary where he already had that knowledge independent of any such notice.   Consequently it cannot be sustained, for the statute requires a notice to be filed as the foundation for the lien claim, and we see no room for making a distinction in cases where the contract for the material or the labor is made by the owner directly with the claimant instead of being made by a "contractor" with a "sub-contractor."  The nature of the claim must be reasonably set forth in the notice.   The statute requires the notice to be filed in all cases, and makes no distinction between cases where the contract is made directly with the owner and where it is made with another party.   The notice must contain a statement of the demand and a statement of the terms and conditions of the contract in all cases to comply with the statute.

We are aware that in passing upon the sufficiency of lien notices in this respect we have heretofore in some cases discussed the same from the standpoint of furnishing knowledge to the owner of the premises in cases where the contract was made by the contractor for the erection of the building with a sub-contractor.   This is the first time the

question has been squarely presented upon a notice where the contract is alleged to have been made by the lien claimant with the owner, and were it not for the requirements of the statute it might well be that, where the owner has the knowledge independent of the notice, a more liberal rule should obtain in construing the notice.   But we see no escape from the proposition that by so holding we would logically be driven to hold in all cases where the owner has such knowledge, whether he made the contract or not, that the same rule should obtain, and to the extreme of holding that where the action is brought within the time during which a lien may be enforced, and to foreclose a lien for materials or labor for which a lien notice might have been filed, that the suit could be maintained without the filing of any notice, for it would be but a mere idle ceremony to file a notice not containing the statutory requisites, if it is to be sustained on the ground that the owner had knowledge of the matters involved aside from the notice.

So far as we are advised no court has gone to the extent of holding that the filing of the notice can be dispensed with.   The right to a lien of this kind is a statutory one, and the legislature has prescribed the conditions therefor in the statute, one of which is that a notice must be given, and it would seem as though the same construction with reference to such notice must apply in all cases, regardless of the actual knowledge of the owner of the premises.

It follows that the judgment of the lower court establishing the lien claim of the Fairhaven Land Company should be reversed, and affirmed as to the disallowance of the claim of Underwood & Minturn.

STILES and ANDERS, JJ., concur.

HOYT, J. — I dissent from the conclusions as to the motion to dismiss, but concur as to the merits.